IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| ALVIN GAMAR STANLEY, | : | |
| Plaintiff, | : | |
| VS. | : | NO. 5:22-CV-00239-TES-CHW |
| WARDEN WHITENTIN, *et al.*, | : | |
| Defendants. | : | |

## ORDER AND RECOMMENDATION

In accordance with the Court's previous orders and instructions, *pro se* Plaintiff Alvin Gamar Stanley, an inmate currently housed in the Riverbend Correctional Facility in Milledgeville, Georgia, has filed a motion for leave to proceed *in forma pauperis* (ECF No. 10). Plaintiff has also filed a motion for a preliminary injunction (ECF No. 6). For the following reasons, Plaintiff's motions for leave to proceed *in forma pauperis* are **GRANTED,** and he is directed to pay an initial partial filing fee as explained below. It is **RECOMMENDED**, however, that Plaintiff's motion for preliminary injunctive relief be **DENIED.**

### MOTION TO PROCEED IN FORMA PAUPERIS

Plaintiff has moved for leave to proceed in this action without prepayment of the Court's filing fee. A review of Plaintiff's submissions demonstrates that Plaintiff is presently unable to pay the cost of commencing this action. Plaintiff's motion to proceed *in forma pauperis* (ECF No. 10) is therefore **GRANTED.** Even if a prisoner is allowed

to proceed *in forma pauperis*, however, he must still pay the full amount of the $350.00 filing fee in installments based on funds in the prisoner's account. When a prisoner has funds in his account, he must pay an initial partial filing fee of twenty percent of the greater of (1) the average monthly deposits to the prisoner's account, or (2) the average monthly balance in the prisoner's account for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). A review of Plaintiff's prison trust fund account certification shows an average monthly balance of $108.33 over the last six months and a present positive spendable balance. Mot. Proceed IFP 4-5, ECF No. 10. Twenty percent of $108.33 is $21.67. Plaintiff is therefore **ORDERED** to pay an initial partial filing fee of $21.67.

Following payment of the initial partial filing fee, money will be deducted from Plaintiff's account until the filing fee ($350.00) is paid in full as set forth in § 1915(b) and explained below. It is accordingly **DIRECTED** that the **CLERK** forward a copy of this **ORDER** to the business manager of the facility in which Plaintiff is incarcerated so that withdrawals from his account may commence as payment towards the filing fee. The district court's filing fee is not refundable, regardless of the outcome of the case, and must therefore be paid in full even if the Plaintiff's complaint (or any part thereof) is dismissed prior to service.

I. Directions to Plaintiff's Custodian

It is hereby **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the sheriff of any county wherein he is held in custody, and any successor

custodians, each month cause to be remitted to the Clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full.  In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.  It is further **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit (or any part thereof) or the granting of judgment against him prior to the collection of the full filing fee.

II.     Plaintiff's Obligations on Release

An individual's release from prison does not excuse his prior noncompliance with the provisions of the PLRA.  In the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay those installments justified by the income to his prisoner trust account while he was still incarcerated.  Collection from Plaintiff of any balance due on these payments by any means permitted by law is hereby authorized in the event Plaintiff is released from custody and fails to remit such payments.  Plaintiff's Complaint is subject to dismissal if he has the ability to make such payments and fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

## MOTION FOR PRELIMINARY INJUNCTION

Plaintiff has also filed a motion seeking a preliminary injunction that would direct Defendants to place him in protective custody. Mot. 1, ECF No. 6. A temporary restraining order ("TRO") or preliminary injunction is a drastic remedy used primarily to preserve the status quo rather than grant most or all of the substantive relief sought in the complaint. *See, e.g., Cate v. Oldham*, 707 F.2d 1176, 1185 (11th Cir. 1983); *Fernandez-Roque v. Smith*, 671 F.2d 426, 429 (11th Cir. 1982).[1] Factors a movant must show to be entitled to preliminary injunctive relief include (1) a substantial likelihood of ultimate success on the merits; (2) the preliminary injunctive relief is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm the preliminary injunctive relief would inflict on the non-movant; and (4) preliminary injunctive relief is in the public interest. *Ingram v. Ault*, 50 F.3d 898, 900 (11th Cir. 1995) (per curiam).

In his motion, Plaintiff asserts that gang members have placed a hit on his life, and he recounts several incidents at Wilcox State Prison where he was threatened or assaulted. Mot. 1, ECF No. 6. Though Plaintiff acknowledges he has been transferred to Riverbend Correctional Facility, he states that an "abundance of cell phones" in the prison system allows the gang members to communicate the details of the hit between prisons. *Id.* at 2. Plaintiff further contends that he sought protective custody upon his transfer to Riverbend

---

[1] The standard for obtaining a TRO is the same as the standard for obtaining a preliminary injunction. *See Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034-35 (11th Cir. 2001) (per curiam); *Windsor v. United States*, 379 F. App'x 912, 916-17 (11th Cir. 2010) (per curiam).

Correctional Facility but received a disciplinary report for refusing housing. *Id.*

Plaintiff's request for preliminary injunctive relief should be denied. District courts "should not issue an injunction when the injunction in question is not of the same character and deals with a matter lying wholly outside the issues in the suit." *Kaimowitz v. Orlando*, 122 F.3d 41, 43 (11th Cir. 1997), *opinion amended on other grounds on reh'g*, 131 F.3d 950 (11th Cir. 1997). In addition, "courts may not enter injunctions against persons or entities that were not party to the litigation before them." *Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283, 1304 (11th Cir. 2012). In this case, Plaintiff's Complaint focuses on his incarceration at Wilcox State Prison, and each of the named Defendants appears to be a prison official at that facility. Compl. 1-2, ECF No. 1. His motion for injunctive relief, on the other hand, concerns his incarceration at a different facility and would involve individuals who are not parties to this action. This Court therefore cannot provide Plaintiff with the requested relief, and his motion should be denied.

## CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that Plaintiff's motion for preliminary injunctive relief (ECF No. 10) be **DENIED.** The Clerk is **DIRECTED** to mail Plaintiff a copy of the Court's standard § 1983 forms that Plaintiff may use if he wishes to file a separate complaint alleging that prison officials at Riverbend Correctional Facility have been deliberately indifferent to his safety.

Plaintiff's motions to proceed *in forma pauperis* (ECF Nos. 2, 10) are **GRANTED**, and Plaintiff has **FOURTEEN (14) DAYS** from the date shown on this Order to pay a

partial filing fee of $21.67. If circumstances have changed and Plaintiff cannot pay the initial partial filing fee as ordered, Plaintiff should file a renewed motion for leave to proceed *in forma pauperis*, accompanied by an updated prison trust fund account statement, explaining such change in circumstances within **FOURTEEN (14) DAYS** of the date of this Order.

While Plaintiff's custodian is ordered herein to make subsequent payments on Plaintiff's behalf, Plaintiff should note that it is **HIS RESPONSIBILITY** to pay the initial partial filing fee. Thus, Plaintiff must make arrangements with the appropriate official to ensure that the initial partial filing fee is paid in accordance with this order. Thereafter, Plaintiff's custodian shall remit monthly payments as set forth above. **Failure to fully and timely comply with this Order will result in the dismissal of Plaintiff's Complaint.** Plaintiff is also reminded of his obligation to notify the Court in writing of any change in his mailing address. There shall be no service of process until further order of the Court.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the Honorable Tilman E. Self, III, United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation. Any objection is limited in length to **TWENTY (20) PAGES**. *See* M.D. Ga. L.R. 7.4. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Failure to object in accordance with the provisions of § 636(b)(1) waives the

right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made.  See 11th Cir. R. 3-1.

**SO ORDERED AND RECOMMENDED**, this 6th day of September, 2022.

                                              s/ Charles H. Weigle
                                              Charles H. Weigle
                                              United States Magistrate Judge