IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ALVIN GAMAR STANLEY, | : |
| Plaintiff, | : |
| VS. | : NO. 5:22-CV-00239-TES-CHW |
| WARDEN WHITENTIN, *et al.*, | : |
| Defendants. | : |

**ORDER**

Presently pending before the Court are the claims of *pro se* Plaintiff Alvin Gamar Stanley, an inmate currently housed in the Riverbend Correctional Facility in Milledgeville, Georgia, filed pursuant to 42 U.S.C. § 1983 (ECF No. 1). On September 6, 2022, Plaintiff's motion for leave to proceed *in forma pauperis* was granted, and Plaintiff was ordered to pay an initial partial filing fee in the amount of $21.67. Plaintiff was also advised that if circumstances had changed and he was no longer able to pay the initial partial filing fee, he should file a renewed motion for leave to proceed *in forma pauperis*, including an updated prison trust fund account statement, explaining such change in circumstances. Plaintiff was given fourteen (14) days to comply, and he was warned that the failure to fully and timely comply with the Court's orders and instructions could result in the dismissal of his Complaint. *See generally* Order, Sept. 6, 2022, ECF No. 11.

The time for compliance has passed, and Plaintiff has not paid the required initial partial filing fee or submitted a renewed motion for leave to proceed *in forma pauperis*

explaining his inability to pay. The failure to fully and timely comply with the orders and instructions of the Court is grounds for dismissal. Plaintiff is therefore **ORDERED** to **RESPOND** and **SHOW CAUSE** why this action should not be dismissed. Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this Order to respond and to comply with the Court's previous orders and instructions by either paying the initial partial filing fee of $43.00 or by submitting a complete and proper motion for leave to proceed *in forma pauperis* which should include (1) an explanation of any current inability to pay the initial partial filing fee and (2) an updated prison trust fund account statement showing that Plaintiff cannot pay that fee.

Plaintiff has also filed a motion seeking appointed counsel (ECF No. 12). As this is Plaintiff's first request for counsel, the Court advises Plaintiff that "[a]ppointment of counsel in a civil case is not a constitutional right." *Wahl v McIver*, 773 F.2d 1169, 1174 (11th Cir. 1986). Appointment of counsel is a privilege that is justified only by exceptional circumstances. *Id*. In deciding whether legal counsel should be provided, the Court considers, among other factors, the merits of Plaintiff's claim and the complexity of the issues presented. *Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989).[1] But "[t]he key" in determining whether appointed counsel is warranted "is whether the *pro se* litigant needs

---

[1] The federal *in forma pauperis* statute authorizes courts to "request an attorney to represent any person unable to afford counsel," 28 U.S.C. § 1915(e)(1). The statute does not, however, provide any funding to pay attorneys for their representation or authorize courts to compel attorneys to represent an indigent party in a civil case. *See Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296 (1989).

help in presenting the essential merits of his position to the court." *Nelson v. McLaughlin*, 608 F. App'x 904, 905 (11th Cir. 2015) (per curiam)

In accordance with *Holt*, and upon a review of the record in this case, the Court notes that Plaintiff has set forth the essential merits of his claims, and the applicable legal doctrines are readily apparent. As such, Plaintiff's motion for appointed counsel is **DENIED**. Should it later become apparent that legal assistance is required in order to avoid prejudice to Plaintiff's rights, the Court, **on its own motion**, will consider assisting him in securing legal counsel at that time. Consequently, there is no need for Plaintiff to file additional requests for counsel.

To reiterate, Plaintiff's motion for appointed counsel (ECF No. 12) is **DENIED**, and Plaintiff must respond and show cause <u>and</u> pay the required initial partial filing fee (or file a renewed motion for leave to proceed *in forma pauperis*, including an updated account statement showing his present inability to pay) within **FOURTEEN (14) DAYS** of the date of the date of this Order. **The failure to fully and timely comply with this Order will result in the dismissal of Plaintiff's Complaint.** Plaintiff is also reminded of his obligation to notify the Court in writing of any change in his mailing address. There shall be no service of process until further order of the Court.

**SO ORDERED**, this 30th day of September, 2022.

                                                    s/ Charles H. Weigle
                                                    Charles H. Weigle
                                                    United States Magistrate Judge